GREENBERG TAURIG, LLP
JEFF E. SCOTT (SBN 126308)
*ScottJ@gtlaw.com*
JORDAN D. GROTZINGER (SBN 190166)
*GrotzingerJ@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA  90067-2121
Tel:  310-586-7700
Fax:  310-586-7800

Attorneys for Plaintiff
CARROL BOYES (PTY) LIMITED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| CARROL BOYES (PTY) LIMITED, a South African company,<br><br>Plaintiff,<br><br>vs.<br><br>CARROL BOYES US DISTRIBUTION, INC., a California corporation; BARRY SENDER, an individual; and UTi, UNITED STATES, INC., a New York corporation,<br><br>Defendants. | CASE NO. 8:15-cv-00312<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br>**(2) COMMON COUNTS;**<br>**(3) CLAIM AND DELIVERY;**<br>**(4) CONVERSION;**<br>**(5) CONVERSION;**<br>**(6) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**DEMAND FOR JURY TRIAL** |

LA 132019611v1

## INTRODUCTION

1. Plaintiff Carrol Boyes (Pty) Limited ("Carrol Boyes" or "Plaintiff") is a South African designer of luxury home furnishings and other lifestyle products. Its iconic brand has obtained worldwide recognition for quality and style.

2. In an attempt to increase sales and market its brand in the United States, where it owned and operated a retail store in New York and has sold products over its website, in June 2012, Carrol Boyes entered into an Exclusive Wholesale Licensing, Supply, Sales & Distribution Agreement ("Agreement") with an entity formed by Defendant Barry Sender ("Sender"), which he named Carrol Boyes US Distribution, Inc. ("CBUSD"). CBUSD, acting through Sender, licensed the name Carrol Boyes and agreed to distribute Carrol Boyes' products in the United States according to the terms set forth in the Agreement. Generally, the Agreement provided for Carrol Boyes to fulfill agreed sales made in CBUSD's territory, that CBUSD would deposit proceeds of customer sales in Carrol Boyes' designated bank account, and that Carrol Boyes would then pay CBUSD an agreed percentage of the amounts deposited into Carrol Boyes' bank account generated from such sales.

3. CBUSD breached the Agreement in several material respects, including by taking customer payments owed to Carrol Boyes, diverting them to its own bank accounts, paying itself unauthorized amounts from the converted funds and generally ignoring the collection and payment protocol clearly set forth in the Agreement. Also, despite repeated requests, CBUSD failed to account for and pay to Carrol Boyes hundreds of thousands of dollars generated from sales it made of Carrol Boyes products.

4. CBUSD also fell far short of meeting the $500,000 Annual Minimum Sales Amount set forth in the Agreement, thereby allowing Carrol Boyes to terminate the Agreement for that independent reason. Pursuant to Section 4.2(c) of the Agreement, Carrol Boyes terminated the Agreement effective as of February 17, 2015. However, CBUSD has refused to release approximately $100,000 worth of Carrol Boyes' inventory that is being stored by CBUSD at a warehouse owned by Defendant UTi, United States,

LA 132019611v1

Inc. ("UTi"), instead instructing UTi that CBUSD owns or has some claim to the inventory and that UTi should not release it to Carrol Boyes. In doing so, CBUSD and UTi have ignored the express language in Section 1.5 of the Agreement, confirming that title to all goods remains with Carrol Boyes until it passes to the customer as part of a purchase transaction.

5. Accordingly, Carrol Boyes brings this action for breach of contract, conversion, claim and delivery and related claims.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Carrol Boyes is a citizen and subject of South Africa, as a private company, Carrol Boyes (Pty) Limited (Registration number 2007/008786/07), formed under the laws of South Africa, where it has its principal place of business. On information and belief, CBUSD is a citizen of California, as a corporation formed under California law with its principal place of business in Orange County, California. On information and belief, Sender is an individual domiciled in Orange County, California and, as such, is a citizen of California. UTi is a citizen of New York and California, as a corporation formed under the laws of New York, and Plaintiff is informed and believes that UTi's principal place of business is in Long Beach, California. The amount in controversy exceeds $75,000, exclusive of interests and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action have occurred and/or will occur in this District, and a substantial part of property that is a subject of the action is situated in this District.

## FACTUAL ALLEGATIONS
### The Distribution Agreement

8. Carrol Boyes was created by a prominent South African designer of the same name, and is a luxury brand of home and lifestyle items. Its products are available

in over 30 countries and are available for sale at high-end retail establishments and through online fulfillment services.

9. In 2012, Carrol Boyes was looking for a U.S. distributor to help expand the brand in America. Effective as of June 21, 2012, Carrol Boyes and CBUSD entered into the Agreement for this purpose. The Agreement states that it is governed by California law.

10. The Agreement set forth a specific mechanism by which wholesale purchasers with whom CBUSD would deal would make payments to Carrol Boyes, after which Carrol Boyes would pay a percentage of such funds to CBUSD:

> "CBUSD and CARROL BOYES hereby agree that CBUSD may issue invoices to Wholesale Market Purchasers on behalf of CARROL BOYES (or its subsidiary). Invoices may state that the CB Products are distributed by CBUSD; *provided, however, all invoices shall instruct the Wholesale Market Purchaser to make payments payable to CARROL BOYES* (or its subsidiary). CARROL BOYES shall be liable for payment of twenty-five percent (25%) of the Wholesale Price for any CB Products delivered to a Wholesale Market Purchaser … pursuant to this Agreement." (Agreement at ¶ 2.2(a), emphasis added.)

11. The following paragraph specified:

> "To facilitate clarity regards payment in terms of 2.2(a) above, *CARROL BOYES will establish a separate bank account*, to which CBUSD will have enquiry access, *into which all customer payments will be deposited*. CARROL BOYES shall pay CBUSD twenty-five percent (25%) of the customer payments within seven (7) days. Any other payments due from one party to the other shall be separately invoiced by one party and paid by the other party within seven (7) days of receipt of invoice." (Agreement at ¶ 2.2(b), emphasis added.)

12. The Agreement also provided that CBUSD would arrange for warehousing, and that Carrol Boyes would retain ownership of Carrol Boyes products until they are delivered to purchasers:

> "Notwithstanding delivery to CBUSD, the CBUSD Warehouse or any other person, title to CB Products shall remain in CARROL BOYES until passing directly from CARROL BOYES to the persons receiving Products from CBUSD as part of a purchase transaction (hereinafter, the 'Purchasers')." (Agreement at ¶ 1.5.)

13. Pursuant to the Agreement, CBUSD contracted with UTi to provide warehousing services.

14. The Agreement's termination provisions allowed for termination upon a material breach and notice, and independently upon CBUSD's failure to reach $500,000 of gross sales:

> "(a) This Agreement may be terminated by either party for a material breach by the other party of the provisions hereof. Such termination shall be effective ninety (90) days after written notice to the other party of the breach if the breach has not been remedied.
>
> …
>
> (c) CARROL BOYES shall be entitled to terminate this Agreement should the aggregate gross sales to Wholesale Market Purchasers be less than US$500,000 in a calendar year (the 'Annual Minimum Sales Amount'), beginning with the 2014 calendar year. … CARROL BOYES must exercise its right to terminate within ninety (90) days after the end of calendar year in which CBUSD failed to meet the Annual Minimum Sales Amount." (Agreement at ¶ 4.2(a), (c).)

### **Defendants' Misconduct**

15. As quoted above, the Agreement required CBUSD to instruct Wholesale Market Purchasers as defined in the Agreement to make all checks payable to Carrol Boyes, and required CBUSD to deposit all payments into Carrol Boyes' "separate bank account." Subsequently, Carrol Boyes would pay to CBUSD 25% of the Wholesale Price as set forth in the Agreement.

16. Defendant Sender caused CBUSD to breach the Agreement and, on information and belief, committed bank fraud, in causing CBUSD to divert checks made payable to Carrol Boyes to Defendant CBUSD. Instead of depositing checks payable to Carrol Boyes into Carrol Boyes' separate account, as required by the Agreement, Sender and CBUSD deposited these checks into CBUSD's account, apparently by causing the banks to believe that CBUSD and Carrol Boyes were one and the same, due to the companies' similar names. Thus, instead of awaiting its 25% payment from Carrol Boyes as provided in the Agreement, Sender and CBUSD simply took all of Carrol Boyes' money, and then paid to Carrol Boyes whatever balance Sender unilaterally decided to pay to Carrol Boyes. He also has failed and refused to account for all collections, diversions and payments.

17. For example, in one instance, Sender deposited funds payable to Carrol Boyes into CBUSD's account, and then withheld from its payment to Carrol Boyes a purported expense in the amount of $61,245.02. Sender and CBUSD have refused to repay the amounts they stole.

18. On or about May 6, 2014, Carrol Boyes gave CBUSD notice of this material breach in a termination letter pursuant to the Agreement, and CBUSD never remedied the breach within 90 days of the notice as required, or at all.

19. In addition, CBUSD failed to reach the $500,000 sales threshold for the calendar year 2014. Thus, on February 17, 2015, Carrol Boyes sent CBUSD a termination letter on this independent ground. Pursuant to the Agreement, such termination is automatic.

20. In its February 17, 2015 termination letter, Carrol Boyes demanded that CBUSD direct UTi, which warehouses Carrol Boyes' products, to cooperate with Carrol Boyes regarding the distribution of those products and related logistics. Carrol Boyes also contacted UTi for the same purpose, and called its attention to the contractual language expressly providing that Carrol Boyes owns the inventory in UTi's possession, as quoted above. However, UTi informed Carrol Boyes that CBUSD disputed Carrol

5

Boyes' ownership rights to the inventory in UTi's possession and has refused to turn the inventory over to Carrol Boyes or confirm its ownership interest.

21. In response, Carrol Boyes again provided UTi with the clear contractual basis on which Carrol Boyes owns that inventory, and requested any information suggesting how CBUSD could purport to challenge that ownership. UTi did not provide any such information, and continues to wrongfully hold Carrol Boyes' inventory in its possession. This inventory is worth approximately $100,000.

22. Carrol Boyes is further informed and believes that Sender and CBUSD have failed to account for and pay to Carrol Boyes hundreds of thousands of sales proceeds due to Carrol Boyes pursuant to the Agreement. For example, on February 25, 2015, a customer was contacted to confirm a balance owing to Carrol Boyes. The customer advised that it already had made this payment, but the payment was never received by Carrol Boyes.

## FIRST CLAIM FOR RELIEF
(Breach of Contract, Against CBUSD)

23. Carrol Boyes incorporates by reference the allegations in paragraphs 1-22 as though set forth in full herein.

24. The Agreement was and is a valid and existing contract (subject to the termination of the parties' business relationship pursuant to its terms).

25. Carrol Boyes performed all covenants and conditions in the Agreement, except to the extent such performance was excused.

26. CBUSD materially breached the Agreement as set forth above, including, without limitation, the provisions at paragraphs 1.5, 2.2(a) and 2.2(b).

27. In addition, Carrol Boyes is informed and believes that CBUSD breached the Agreement by failing to account for and pay hundreds of thousands of sales proceeds due to Carrol Boyes pursuant to the Agreement and by asserting an ownership interest in over $100,000 in inventory at the UTi warehouse (in direct violation of the plain

LA 132019611v1

language of the Agreement), causing UTi to refuse Carrol Boyes access to its own property.

28. As a result, Carrol Boyes has suffered and will continue to suffer damages, exceeding the Court's jurisdictional threshold and in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

(Common Counts, Against CBUSD)

29. Carrol Boyes incorporates by reference the allegations in paragraphs 1-28 as though set forth in full herein.

30. CBUSD owes Carrol Boyes the sum certain of $61,245.02, which is money had and received by CBUSD for the use of Carrol Boyes.

31. Based on the foregoing, in addition to the other relief sought herein, Carrol Boyes is entitled to recover this sum certain.

32. Carrol Boyes also is entitled to an attachment for this amount, because this claim is based on an express contract, is for a fixed amount, and is an unsecured commercial claim.

## THIRD CLAIM FOR RELIEF

(Claim and Delivery, Against All Defendants)

33. Carrol Boyes incorporates by reference the allegations in paragraphs 1-32 as though set forth in full herein.

34. Based on paragraph 1.5 of the Agreement, Carrol Boyes owns and has the right to immediate possession of the inventory in UTi's possession, which is tangible personal property.

35. Based on the facts asserted above, the inventory is being wrongfully withheld by UTi, pursuant to Sender's and CBUSD's baseless contentions that they, and not Carrol Boyes, own the property.

36. Due to Defendants' conduct, there exists immediate danger that the inventory will be transferred, concealed and/or substantially impaired in value. Moreover, Carrol Boyes is being deprived of its right to sell that inventory to customers.

37. Accordingly, Carrol Boyes is entitled to a writ of possession and temporary, preliminary and permanent injunctive relief to prevent Defendants from transferring, concealing, or otherwise impairing the value of, the inventory, pending seizure by a levying officer and turnover of the property to Carrol Boyes.

38. In addition, based on the foregoing, Carrol Boyes is entitled to a constructive trust over the inventory.

## FOURTH CLAIM FOR RELIEF
(Conversion, Against All Defendants)

39. Carrol Boyes incorporates by reference the allegations in paragraphs 1-38 as though set forth in full herein.

40. As set forth above, Carrol Boyes owns the inventory in UTi's possession.

41. Defendants have converted the inventory by their wrongful conduct alleged herein. Specifically, Sender and CBUSD have wrongfully asserted some claim to the inventory (without a legitimate basis), and in response and despite UTi's knowledge of the contract provision granting sole ownership to Carrol Boyes, UTi refuses to turn over the property.

42. As a result of Defendants' conduct, Carrol Boyes has suffered and will continue to suffer damages, exceeding the Court's jurisdictional threshold and in an amount to be proven at trial.

43. Moreover, Carrol Boyes is informed and believes that Defendants' conduct alleged herein was willful, malicious, oppressive and/or fraudulent, and therefore Carrol Boyes is entitled to punitive damages against these Defendants, to punish and make an example of them.

44. In addition or alternatively, based on the foregoing, Carrol Boyes is entitled to a writ of possession and temporary, preliminary and permanent injunctive relief to prevent Defendants from transferring, concealing, or otherwise impairing the value of, the inventory, pending seizure by a levying officer and turnover of the property to Carrol Boyes, and is entitled to a constructive trust over the inventory.

LA 132019611v1

## FIFTH CLAIM FOR RELIEF

(Conversion, Against Sender and CBUSD)

45. Carrol Boyes incorporates by reference the allegations in paragraphs 1-44 as though set forth in full herein.

46. As set forth above, Carrol Boyes owns a specific fund in a sum certain, i.e., the $61,245.02 that Sender and CBUSD wrongfully withheld from its payment to Carrol Boyes as purported expenses.

47. Sender and CBUSD have converted that fund by their wrongful conduct alleged herein.

48. As a result of their conduct, Carrol Boyes has suffered and will continue to suffer damages in the amount wrongfully withheld, plus all interest allowed by law.

49. Moreover, Carrol Boyes is informed and believes that Sender's and CBUSD's conduct alleged herein was willful, malicious, oppressive and/or fraudulent, and therefore Carrol Boyes is entitled to punitive damages against these Defendants, to punish and make an example of them.

## SIXTH CLAIM FOR RELIEF

(Intentional Interference With Prospective Economic Advantage, Against All Defendants)

50. Carrol Boyes incorporates by reference the allegations in paragraphs 1-49 as though set forth in full herein.

51. Carrol Boyes has economic relationships with the wholesale purchasers who have ordered, or will order, the inventory in UTi's possession, which relationships carry the probability of future economic benefit to Carrol Boyes.

52. Carrol Boyes is informed and believes that Defendants have knowledge of these relationships.

53. Defendants have engaged in intentional acts, described above, designed to disrupt those relationships, and those relationships have actually been disrupted.

LA 132019611v1

54. As a result of Defendants' conduct, Carrol Boyes has suffered and will continue to suffer damages, exceeding the Court's jurisdictional threshold and in an amount to be proven at trial.

55. Moreover, Carrol Boyes is informed and believes that Defendants' conduct alleged herein was willful, malicious, oppressive and/or fraudulent, and therefore Carrol Boyes is entitled to punitive damages against these Defendants, to punish and make an example of them.

## PRAYER FOR RELIEF

Carrol Boyes prays for relief as follows:

a. For damages in an amount according to proof;
b. For a writ of possession, including temporary, preliminary and permanent relief;
c. For a constructive trust;
d. For punitive damages;
e. For interest to the fullest extent permitted by law;
d. For such other relief the Court deems proper.

Dated: February 25, 2015                    GREENBERG TRAURIG, LLP

By: _/s/ Jordan D. Grotzinger_
JORDAN D. GROTZINGER
Attorneys for Plaintiff
CARROL BOYES (PTY) LIMITED

## DEMAND FOR JURY TRIAL

Carrol Boyes hereby demands trial by jury.

Dated: February 25, 2015                    GREENBERG TRAURIG, LLP

By: _/s/ Jordan D. Grotzinger_
JORDAN D. GROTZINGER
Attorneys for Plaintiff
CARROL BOYES (PTY) LIMITED

10

LA 132019611v1