GREENBERG TRAURIG, LLP
JEFF E. SCOTT (SBN 126308), ScottJ@gtlaw.com
JORDAN D. GROTZINGER (SBN 190166), GrotzingerJ@gtlaw.com
RACHEL G. PAUL (SBN 300850), PaulR@gtlaw.com
1840 Century Park East, 19th Floor
Los Angeles, CA 90067
Tel:  (310) 586-7700
Fax:  (310) 586-7800

Attorneys for Plaintiff and Counterdefendant
CARROL BOYES (PTY) LIMITED and
Counterdefendants CARROL BOYES and
DAVID THIES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| CARROL BOYES (PTY LIMITED), a South African Company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CARROL BOYES US DISTRIBUTION, INC., et al.<br><br>　　　　　Defendants. | CASE NO. 8:15-cv-00312 JVS (JCGx)<br><br>**FIRST AMENDED ANSWER TO FIRST AMENDED COUNTERCLAIM; DEMAND FOR JURY TRIAL** |
| CARROL BOYES US DISTRIBUTION, INC., a California corporation,<br><br>　　　　　Counterclaimant,<br><br>vs.<br><br>CARROL BOYES (PTY) LIMITED, a South African Company, CARROL BOYES, an individual, and DAVID THIES, an individual,<br><br>　　　　　Counterdefendants. | Dept.:　　10C<br>Judge:　　Hon. James V. Selna<br><br>Complaint Filed: February 25, 2015 |

# FIRST AMENDED ANSWER TO FIRST AMENDED COUNTERCLAIM

Plaintiff and Counterdefendant CARROL BOYES (PTY) LIMITED ("CB Limited") and Counterdefendants CARROL BOYES ("Boyes") and DAVID THIES ("Thies") (collectively "Counterdefendants[1]") hereby answer the First Amended Counterclaim ("FAC") of Defendant and Counterclaimant CARROL BOYES US DISTRIBUTION, INC. ("Counterclaimant") and assert Affirmative Defenses as follows. Nothing herein is intended to shift or waive the burden of proof applicable to any such defenses. As for their Answer, Counterdefendants:

1. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny those allegations.

2. Admit that CB Limited's entity type is unknown to Counterclaimant but deny the remaining allegations in paragraph 2.

3. Deny that Boyes is the sole shareholder of CB Limited and admit the remaining allegations in paragraph 3.

4. Admit the allegations in paragraph 4.

5. Admit that Boyes and Thies were employees and directors of CB Limited but deny the remaining allegations in paragraph 5.

6. Deny the allegations in paragraph 6.
    a. Deny the allegations in paragraph 6.a.
    b. Deny the allegations in paragraph 6.b.
    c. Deny the allegations in paragraph 6.c.
    d. Deny the allegations in paragraph 6.d.
    e. Deny the allegations in paragraph 6.e.
    f. Deny the allegations in paragraph 6.f.

---

[1] This collective definition is for ease of reference and is not intended as consent by Boyes or Thies to the jurisdiction of the Court, nor is any admission, denial or Affirmative Defense herein. As set forth in the Affirmative Defenses below, Boyes and Thies assert that the Court lacks personal jurisdiction over them.

7. Admit that Counterclaimant will sometimes use the references described in paragraph 7.

8. Admit the allegations in paragraph 8.

9. Admit the allegations in paragraph 9.

10. Admit the allegations in paragraph 10.

11. Admit that CBUSD's principal, Barry Sender ("Sender"), first began doing business with CB Limited through a retail store in Orange County, California, and that, on October 18, 2010, Sender and CB Limited entered into the Licensing Agreement, the terms of which speak for themselves. Counterdefendants deny the remaining allegations and/or characterizations in paragraph 11 to the extent they are inconsistent with those terms.

12. Admit the allegations in paragraph 12, except that Counterdefendants deny that Sender negotiated terms with Boyes.

13. Admit the allegations in paragraph 13.

14. Admit that the Distribution Agreement, the terms of which speak for themselves, was entered into; deny the remaining allegations and/or characterizations of paragraph 14 to the extent they are inconsistent with those terms.

15. Admit that CBUSD agreed to and did transfer 5% of its common stock to CB Limited pursuant to the Subscription Agreement, that CB Limited was able to name a director to CBUSD's board, that CBUSD entered into the Distribution Agreement, that the $100 was not paid, and that the Subscription Agreement and License Agreement, the terms of which speak for themselves, were entered into; lack knowledge or information sufficient to form a belief as to whether stock was issued and therefore deny that allegation; deny the remaining allegations and/or characterizations in paragraph 15.

16. Deny the allegations in paragraph 16.

17. Admit that CBUSD oversaw certain product audits; created a U.S. Catalog; replaced certain care cards and repackaged and labeled certain products; facilitated sales on Amazon; processed products back to stock following the store closing in New York;

participated in designing the Bloomingdales catalog and created barcode labels and inner box masters and slaves for products to be sold in Bloomingdales stores; facilitated web inventory relocations; applied SKUs; separated and boxed products; and facilitated the marking of products' country of origin; Counterdefendants deny the characterizations of CB Limited's previous wholesale business in the United States, deny all characterizations of the Distribution Agreement to the extent inconsistent with its terms, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 17, and therefore deny those allegations and characterizations.

18. Admit the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Admit that the Distribution Agreement, the terms of which speak for themselves, was entered into; deny all characterizations of the Distribution Agreement to the extent they are inconsistent with its terms, and further deny the remaining allegations in paragraph 20.

21. Admit that the Distribution Agreement, the terms of which speak for themselves, was entered into, and that CB Limited fulfilled certain web sales directly from South Africa and did not pay for certain web sales based on funds owing from CBUSD to CB Limited as alleged in CB Limited's Complaint in this action; deny any allegations and/or characterizations to the extent they are inconsistent with the Distribution Agreement; lack sufficient knowledge or information to form a belief as to Sender's beliefs or suspicions, and therefore deny those allegations, along with the remaining allegations in paragraph 21.

22. Deny the allegations in paragraph 22.

23. Admit that CBUSD placed products in Bloomingdales, and that Bloomingdales utilized a clause that automatically canceled orders not received on time, unless delivery times were renegotiated; deny the remaining allegations in paragraph 23.

24. Admit that Thies and Sender discussed price adjustments in early 2014 and that certain U.S. prices were increased to correct a previously discounted price and to align with CB Limited's international business model; lack knowledge or information regarding CBUSD's alleged lost business, projections and what it might have salvaged and therefore deny those allegations, and deny the remaining allegations in paragraph 24.

25. Admit that certain pricing on the South Africa website was lower than American pricing, due to factors including shipping and duties, and deny the remaining allegations in paragraph 25.

26. Admit that Sender informed CB Limited that Bloomingdales allegedly requested higher quality packaging and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, and therefore deny those allegations.

27. Admit that the Distribution Agreement, the terms of which speak for themselves, was entered into; deny all characterizations of the Distribution Agreement to the extent they are inconsistent with its terms, and deny the remaining allegations in paragraph 27.

28. Admit that CB Limited insisted on compliance with the Distribution Agreement as to what kinds of retailers were to be targeted, and discussing with Sender which retailers were appropriate based on CB Limited's brand and consistent with the Distribution Agreement; that CB Limited informed Sender prior to execution of the Distribution Agreement that CB Limited products were not a brand fit for Bed Bath & Beyond and therefore CB Limited products would not retail there; that there were ongoing discussions and investigation regarding Wayfair, as it appeared to CB Limited to be a discount site and therefore not a brand fit; that CB Limited later approved sales on Wayfair following assurances by Sender and Wayfair; and that, following discussions regarding RueLaLa, CB Limited approved sales there; deny the remaining allegations in paragraph 28.

29. Admit to sending a termination letter citing, among other things, Counterclaimant's failure to reach the sales threshold, but deny the remaining allegations and characterizations in paragraph 29.

30. Admit that CB Limited cited CBUSD's failure to pay approximately $61,245.02; to the terms of the Distribution Agreement, which speak for themselves; and that certain services were performed outside the scope of the Distribution Agreement for which CBUSD was paid; deny the remaining allegations in paragraph 30.

31. Admit that Thies spent time with Sender to attempt to resolve the alleged payment issues, and deny the remaining allegations in paragraph 31.

32. Admit the allegations in paragraph 32.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract Against CB Limited)

33. (Counterdefendants incorporate by reference their responses to paragraphs 1-32 as though set forth in full herein.)

34. Admit the allegations in paragraph 34.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37.

## SECOND CLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing Against CB Limited)

38. (Counterdefendants incorporate by reference their responses to paragraphs 1-37 as though set forth in full herein.)

39. Admit the allegations in paragraph 39.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

### THIRD CLAIM FOR RELIEF

### (Franchisor's Failure to Register Franchise

### [Corp. Code §§ 31300, 31110] Against All Counterdefendants)

43.   (Counterdefendants incorporate by reference their responses to paragraphs 1-42 as though set forth in full herein.)

44.   Deny the allegations in paragraph 44.

45.   Deny the allegations in paragraph 45.

46.   Deny the allegations in paragraph 46.

47.   Deny the allegations in paragraph 47.

48.   Deny the allegations in paragraph 48.

### FOURTH CLAIM FOR RELIEF

### (Franchisor's Failure to Deliver Offering Circular

### [Corp. Code §§ 31300, 31119] Against All Counterdefendants)

49.   (Counterdefendants incorporate by reference their responses to paragraphs 1-48 as though set forth in full herein.)

50.   Deny the allegations in paragraph 50.

51.   Deny the allegations in paragraph 51.

52.   Deny the allegations in paragraph 52.

### FIFTH CLAIM FOR RELIEF

### (Franchisor Unlawfully Terminated Franchise

### [Bus. & Prof. Code, § 20035] Against All Counterdefendants)

53.   (Counterdefendants incorporate by reference their responses to paragraphs 1-52 as though set forth in full herein.)

54.   Deny the allegations in paragraph 54.

55.   Deny the allegations in paragraph 55.

56.   Deny the allegations in paragraph 57.

57.   Deny the allegations in paragraph 58.

## SIXTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty Against CB Limited)

58. (Counterdefendants incorporate by reference their responses to paragraphs 1-57 as though set forth in full herein.)

59. Deny the allegations in paragraph 59.

    a. Deny the allegations in paragraph 59.a.

    b. Deny the allegations in paragraph 59.b.

    c. Deny the allegations in paragraph 59.c.

    d. Deny the allegations in paragraph 59.d.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

## SEVENTH CLAIM FOR RELIEF

### (Fraud and Deceit [Civ. Code § 1709] Against CB Limited)

63. (Counterdefendants incorporate by reference their responses to paragraphs 1-62 as though set forth in full herein.)

64. Admit that CB Limited fulfilled certain web sales directly from South Africa and did not pay for certain web sales based on funds owing from CBUSD to CB Limited as alleged in CB Limited's Complaint in this action; deny any allegations and/or characterizations to the extent they are inconsistent with the Distribution Agreement; lack sufficient knowledge or information to form a belief as to Sender's beliefs or suspicions, and therefore deny those allegations, along with the remaining allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty Against Mr. Thies)

67. (Counterdefendants incorporate by reference their responses to paragraphs 1-66 as though set forth in full herein.)

68. Deny the allegations in paragraph 68.

69. Deny the allegations in paragraph 69.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim on Which Relief Can be Granted)

73. The FAC fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

74. There were insufficient "minimum contacts" between Boyes and Thies, on the one hand, and the forum state, on the other, and the Court lacks personal jurisdiction over Boyes and Thies.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

75. The FAC, or claims therein, are barred by the applicable statute(s) of limitations, including, without limitation, California Corporations Code § 31303.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

76. The FAC, or claims therein, are barred by the doctrine of unclean hands, based on the conduct alleged in the Complaint in this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

77. The FAC, or claims therein, are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

78. The FAC, or claims therein, are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

79. The FAC, or claims therein, are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

80. To the extent Counterclaimant's purported tort claims are based on alleged contractual obligations, the claims are barred by the Economic Loss Rule.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

81. Counterclaimant had a duty to mitigate alleged damages and failed to do so.

## TENTH AFFIRMATIVE DEFENSE

### (Parol Evidence Rule)

82. The FAC, or claims therein, are barred by the Parol Evidence Rule.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

83. Counterclaimant's contract-based claims are barred to the extent any further agreements resulted in an accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

### (Modification/Alternation)

84. Counterclaimant's contract-based claims are barred to the extent the parties modified or altered CB Limited's alleged obligations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

85. Counterclaimant's contract-based claims are barred to the extent CB Limited was excused from performance, such as by Counterclaimant's breaches of contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Breach)

86. Counterclaimant's contract-based claims are barred to the extent Counterclaimant breached the alleged agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Damages)

87. Counterclaimant may not recover duplicative damages based on conduct that Counterclaimant alleges to be both a breach of contract and tortious.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Franchise Fee)

88. Counterclaims 3-5 are barred because, among other things, no franchise fee was required, or if such a fee was required, which Counterdefendants deny, it was excluded from the definition of "franchise fee" because it did not, on an annual basis, exceed the sum of five hundred dollars ($500).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge of Alleged Control Parties)

89. Without waiving the Court's lack of personal jurisdiction over Boyes and Thies, and only in the event it is determined that the Court may exercise personal jurisdiction over them, they assert that neither is liable under California Corporations Code § 31302 or any similar statute or rule because they had no knowledge of or reasonable grounds to believe in the existence of any alleged facts by reason of which any liability is alleged to exist.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Cause for Termination)

90. In the event a franchise existed, which Counterdefendants deny, Counterdefendants had good cause to terminate the franchise.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Agreement in Writing to Terminate)

91.　In the event a franchise existed, which Counterdefendants deny, immediate notice of termination without an opportunity to cure was proper because Counterclaimant and CB Limited agreed in writing to such termination under conditions that occurred.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Pay)

92.　In the event a franchise existed, which Counterdefendants deny, immediate notice of termination without an opportunity to cure was proper because Counterclaimant failed to pay amounts due to CB Limited within five days after receiving written notice that such fees were overdue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Exclusion)

93.　The alleged facts do not support the existence of a franchise, or if they do, which Counterdefendants deny, the true business relationship between Counterclaimant and CB Limited was excluded from the definitions of a franchise.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Due Process)

94.　The FAC fails to state facts sufficient to merit an award of punitive damages, because, among other things, it violates Counterdefendants' right to protection from excessive fines and substantive due process pursuant to the United States Constitution and the California Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Insufficient or Defective Process)

95.　No Summons or proper process was served on Boyes or Thies and the FAC as against them fails for insufficient or defective process.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Insufficient Service of Process)

96. Process was not served or was insufficiently served on Boyes and Thies and the FAC as against them fails for insufficient service of process.

Counterdefendants reserve the right to amend this Answer to add additional Affirmative Defenses as discovery and investigation continue.

## PRAYER FOR RELIEF

Counterdefendants pray for relief as follows:

a. That Counterclaimant take nothing by its FAC;

b. That judgment be entered in favor of Counterdefendants and against Counterclaimant;

c. That Counterdefendants be awarded their costs of suit; and

d. For such other relief the Court deems proper.

DATED: May 20, 2015                     GREENBERG TRAURIG, LLP

                                        By  *Jordan D. Grotzinger*
                                            JORDAN D. GROTZINGER
                                            Attorneys for Plaintiff and
                                            Counterdefendant CARROL BOYES (PTY)
                                            LIMITED and Counterdefendants CARROL
                                            BOYES and DAVID THIES

## DEMAND FOR JURY TRIAL

Counterdefendants hereby demand a jury trial in the above-captioned matter.

DATED: May 20, 2015                     GREENBERG TRAURIG, LLP

                                        By  *Jordan D. Grotzinger*
                                            JORDAN D. GROTZINGER
                                            Attorneys for Plaintiff and
                                            Counterdefendant CARROL BOYES (PTY)
                                            LIMITED and Counterdefendants CARROL
                                            BOYES and DAVID THIES

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, CA 90067.**

On the date given below, I served the **FIRST AMENDED ANSWER TO FIRST AMENDED COUNTERCLAIM; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

Dirk O. Julander, Bar No. 132313
doj@jbblaw.com
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorneys for Defendants Barry Sender, an individual and Counterclaimant Carrol Boyes US Distribution, Inc., a California Corporation

☒ **(BY CM/ECF)**
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☐ **(BY E-MAIL)**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 20, 2015, at Los Angeles, California.

*Cheryl D. Beatty*

---

13

**Answer To First Amended Counterclaim; Demand For Jury Trial**

LA 132137948v1                                                                                           8:15-cv-00312 JVS (JCGx)